# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RONNIE RANDOLPH, Register No. 48868, ) | |
| ) | Consolidated Cases |
| Plaintiff, ) | No. 08-4140-CV-C-NKL |
| ) | No. 08-4141-CV-C-NKL |
| v. ) | No. 08-4142-CV-C-NKL |
| ) | No. 08-4143-CV-C-NKL |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, commenced this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the jurisdictional statute, 28 U.S.C. § 1343.[1]

A review of the record indicates defendant Olan Salzer has not been served with process. Rule 4(m), Federal Rules of Civil Procedure, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on July 22, 2008. Here, it has been more than 120 days since plaintiff's complaint was filed naming Olan Salzer as a defendant. Plaintiff has not provided an address for service of process. Moreover, plaintiff has not requested an extension of time or shown good cause why the time for service should be extended.

On August 26, 2008, plaintiff paid $10.00 toward his initial filing fee assessed in the amount of $93.65. On September 25, 2008, plaintiff filed a motion requesting leave to pay the

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

remainder of his initial filing fee in $2.00 monthly installments. Plaintiff was assessed the initial filing fee in accordance with the calculation required by 28 U.S.C. § 1915.[2] Plaintiff has failed to show why such assessment is incorrect. At the time plaintiff filed this case, his average inmate account balance was $433.77. This court finds no basis to grant plaintiff's motion.

IT IS, THEREFORE, ORDERED that plaintiff's motion for leave to pay the remainder of his initial filing fee in $2.00 monthly installments is denied. [14] It is further

ORDERED that within that within thirty days, plaintiff pay the remainder of his initial payment in the amount of $83.65. It is further

RECOMMENDED that if the remainder of the initial filing fee is not paid within thirty days of the date of this order, plaintiff's claims be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with court orders. It is further

RECOMMENDED that plaintiff's claims against defendant Olan Salzer be dismissed, pursuant to Fed. R. Civ. P. 4(m).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional

---

[2]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3